# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| B.A. KELLY LAND CO., LLC | CIVIL ACTION NO. 5:18-CV-01243 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| AETHON ENERGY OPERATING LLC | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Reconsideration of Denial of B.A. Kelly's Motion for Partial Summary Judgment [Doc. No. 33] filed by Plaintiff B.A. Kelly Land Co., LLC ("B.A. Kelly"). Defendant Aethon Energy Operating LLC ("Aethon") filed a memorandum in opposition to the motion [Doc. No. 36].

Pending also is the Court's *sua sponte* Notice it may enter summary judgment in favor of Aethon. In the Court's Ruling denying B.A. Kelly's Motion for Partial Summary Judgment [Doc. Nos. 28, 29], the Court gave Notice that, given the Court's findings that the letters at issue in this matter do not meet the strict requirements of the Well Costs Reporting Statute, Louisiana Revised Statutes 30:103.1 and 103.2, the Court intended to *sua sponte* enter summary judgment in favor of Aethon, denying B.A. Kelly's forfeiture claims under § 103.2, and dismissing this suit with prejudice.[1] The Court granted B.A. Kelly twenty-one (21) days to reply to this Notice. B.A. Kelly timely filed a reply [Doc. No. 34].

For the following reasons, B.A. Kelly's Motion for Reconsideration [Doc. No. 33] is DENIED, and the Court *sua sponte* enters summary judgment in favor of Aethon denying B.A. Kelly's forfeiture claims under § 103.2 and dismissing those claims with prejudice.

---

1 B.A. Kelly also raised a claim for a money judgment for unpaid unit revenues. This claim remains pending before the Court, so contrary to the Court's prior Notice, the lawsuit is not dismissed in its entirety.

I.  **BACKGROUND**

This is a suit by an unleased mineral owner, B.A. Kelly, against the operator of certain unit and alternate unit wells ("the Wells"), Aethon, for forfeiture under the Well Costs Reporting Statute, Louisiana Revised Statutes 30:103.1 and 103.2, based on Aethon's alleged failure to timely provide initial and quarterly reporting regarding the wells.

On December 15, 2017, B.A. Kelly sent a letter to Aethon, stating that it was an unleased owner within the subject units and requesting certain categories of information regarding the Wells, including information preceding the periods of Aethon's operatorship. On April 17, 2018, B.A. Kelly sent a second letter to Aethon, purporting to call to Aethon's attention Aethon's alleged failure to provide the information requested in B.A. Kelly's December 15, 2017 letter. Neither letter made a reference to the Well Costs Reporting Statute or to its penalties.

On or about April 24, 2018, Kyle Hickey ("Hickey"), a Senior Landman for Aethon, contacted B.A. Kelly's representative, Alan L. Brittain ("Brittain"), by telephone to discuss exactly what information B.A. Kelly was seeking from Aethon. Brittain indicated that he had received certain reports from Anadarko, a prior operator of one or more of the Wells, and requested that Aethon send him reports in a similar format. Brittain volunteered to send Hickey a copy of such a report as an example. Hickey told Brittan that he would send him an email so Brittan could send a copy of the Anadarko report back to him. Hickey followed up the conversation with an email to Brittain asking for a copy of the Anadarko report, so that Aethon could style its report according to Brittan's request. No response from Brittain was forthcoming.

Instead, on September 21, 2018, B.A. Kelly filed this suit, seeking a forfeiture of Aethon's right to recoup B.A. Kelly's pro rata share of the Wells' operating costs out of production because

of Aethon's alleged failure to timely provide B.A. Kelly with reports under La. Rev. Stat. 30:103.1 and 103.2.

On August 2, 2019, B.A. Kelly filed a Motion for Partial Summary Judgment [Doc. No. 16] seeking judgment declaring that any rights Aethon may have had to charge costs to B.A. Kelly's well revenue have been forfeited by law.

On October 8, 2019, the Court issued a Ruling and an Order denying B.A. Kelly's Motion for Partial Summary Judgment [Doc. Nos. 28, 29]. The Court noted that an operator's failure to comply with the reporting requirements imposes a harsh penalty: the operator forfeits his right to contribution for expenses from the unleased owner. Because this penalty is harsh, §§ 103.1 and 103.2 are strictly construed by courts. The Court additionally noted that the law demands that an owner who wishes to take advantage of the Well Costs Reporting Statute must comply *to the letter*. This is in keeping with the principle that penal statutes be strictly construed and require exact compliance.

The Court found that the December 15, 2017 letter and the April 17, 2018 letter failed to comply with the strict requirements of Section 103.1. After considering the strict construction of the Well Costs Reporting Statute as well as the requirement of compliance to the letter of the law, the Court found that summary judgment on the issue of forfeiture in B.A. Kelly's favor was inappropriate.

Additionally, given the Court's findings that the letters do not meet the strict requirements of the Well Costs Reporting Statute, the Court gave Notice that it intended to *sua sponte* enter summary judgment in favor of Aethon, denying B.A. Kelly's forfeiture claims under § 103.2. B.A. Kelly was given an opportunity to respond to the Notice, and it timely did so.

[Doc. No. 34].

The matter has been fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze [] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017).

Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d

4

471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

B.A. Kelly does not argue that there has been an "intervening change in controlling law" or that "new evidence" is available. Rather, B.A. Kelly contends that the Court's Ruling is premised upon a clear error of law, specifically the misapplication of the rule of strict construction of La. Rev. Stat. 30:103.2. B.A. Kelly asserts that "[t]he crux of this Court's ruling. . . is that B.A. Kelly's demands were not sufficient, under the rule of strict construction, because the demands *did not cite* the actual forfeiture statutes at issue, La. Rev. Stat. 30:103.1 and 13.2." [Doc. No. 34, p. 1]. (emphasis added).

B.A. Kelly submits that

> [T]he Ruling's strict construction analysis is inherently flawed and too narrowly technical by requiring citation to statute number, while not considering the entire text of the statute that only requires calling the operator's attention to its failure to comply with the provisions of §103.1. In effect, the Ruling does not take into account all of the statutory text, which is legal error under the rule of strict construction. Said another way, by not addressing the plain language and purpose of the word "provisions" as it appears in the statute, the Ruling improperly alters and expands the unleased owner's duty of strict compliance, changing the notice requirement to a command citation to a statute number that the statute does not itself require or compel.

[Doc. No. 33-1, p. 4].

5

B.A. Kelly further argues:

> [T]he Ruling plainly compels unleased owners to "cite the statute" in order to strictly comply with notice demands, even though the demand statute makes no such provision. As such, respectfully, the Ruling jurisprudentially creates a greater, more heightened "demand" requirement than that provided by Louisiana positive law and its interpreting jurisprudence.

[Doc. No. 34, p. 3].

B.A. Kelly additionally contends that the Court's Ruling will result in manifest injustice because:

> The Ruling will profoundly and adversely impact unleased mineral interest owners and operators in Louisiana going forward. Based upon the Ruling, operators in Louisiana will be free to ignore the unleased owner's initial letter requesting a "sworn, detailed cost report" until the unleased owner sends a second letter that (a) again educates the operator of its reporting obligation under 30:103.1 by specifically citing 30:103.1; (b) informs the operator of his failure to comply and the corresponding statutorily imposed 30-day deadline to respond; and (c) further educates the operator of the consequences of its failure to comply with 30:103.1 by citing the penalty provision of 30:103.2.

[*Id.*, p. 7].

B.A. Kelly mischaracterizes the Court's Ruling. The Court did not deny B.A. Kelly's Motion for Partial Summary Judgment *solely* on the basis that the letters did not specifically cite La. Rev. Stat. 30:103.1 or 30:103.2. Rather, the failure to cite the statutes was *one* of the factors that the Court considered. In the interests of justice, the Court weighed a number of factors in considering a whether a violation occurred here. What the Court actually said, with regard to the December 15, 2017 letter is:

> The requirement for "formal notice under § 103.1" is a corollary of the penal nature of the statute. Without the formal notice

6

> requirement, an operator receiving a vague, incomplete, or overly-broad notice would have to err on the side of caution in order to avoid risking the "serious financial burdens" implied by the statute. This is contrary to the principal of strict construction. Here, the December 15, 2017 letter does not mention Section 103.1 (or any statute for that matter). *Cf M&N Resources Management, LLC,* 2017 WL 8809775, at * 2 (written request specifically referenced the "provisions of Louisiana R.S. 30:103.1.").
>
> Significantly, the letter did not request "initial reports" or "quarterly reports" as specifically provided for in Section 103.1. Rather, the December 15, 2017 letter requested information for each Well dating back to November 10, 2013, which was even prior to the date Aethon became operator. Such requests do not comport with the specific language of Section 103.1.
>
> Given the law's general presumption against finding a forfeiture, the requirement for "formal notice" under Section 103.1, and the requirement that any ambiguity be construed against the party making the demand, the Court is compelled to conclude that B.A. Kelly's December 15, 2017 request does not meet the strict requirements of the Well Cost Reporting Statute, thereby precluding partial summary judgment.

[Doc. No. 28, p. 11]

With regard to the April 17, 2018 letter, the Court noted that it does not reference the Well Costs Reporting Statute (i.e., either §§ 103.1 or 103.2) *and* does not make any mention of a lawsuit, penalty, or forfeiture under § 103.2.

The Court then concluded, in light of the above cited deficiencies in the December 15, 2017 letter, Aethon had not been expressly made aware, even after the subsequent April 17, 2018 letter, of B.A. Kelly's purported statutory request for initial and/or quarterly reporting for the Wells or Aethon's alleged exposure to the serious financial penalty of forfeiture involving wells. Therefore, the Court found summary judgment on the issue of forfeiture in B.A. Kelly's favor was inappropriate.

The Court therefore finds that B.A. Kelly has not shown that there are "manifest errors of law or fact upon which judgment is based." B.A. Kelly's Motion for Reconsideration of Denial of B.A. Kelly's Motion for Partial Summary Judgment [Doc. No. 33] is DENIED.

### B. *Sua Sponte* Summary Judgment in Favor of Aethon.

B.A. Kelly makes the same arguments against *sua sponte* entry of summary judgment in favor of Aethon as it makes in favor of its motion for reconsideration. Therefore, for the same reasons expressed above, the Court *sua sponte* enters summary judgment in favor of Aethon denying B.A. Kelly's forfeiture claims under Section 103.2 and dismissing those claims with prejudice.

## III. CONCLUSION

The Court does not understand that the Well Costs Reporting Statute was intended as a "gotcha" statute. Under the unique (but undisputed) factual situation presented in this case and given the strict construction of the Well Costs Reporting Statute as well as the requirement of compliance to the letter of the law, the Court earlier found that summary judgment on the issue of forfeiture in B.A. Kelly's favor was inappropriate.

The Court finds that B.A. Kelly has not shown that there are manifest errors of law or fact upon which the Court's prior Ruling is based. Therefore, B.A. Kelly's Motion for Reconsideration of Denial of B.A. Kelly's Motion for Partial Summary Judgment [Doc. No. 33] is DENIED.

The Court additionally finds *sua sponte* that Aethon is entitled to summary judgment denying B.A. Kelly's forfeiture claims under Section 103.2 and dismissing those claims with prejudice. B.A. Kelly's claim for a money judgment for unpaid unit revenues for the units in

question after a full accounting of the sales of unit production remains pending.

MONROE, LOUISIANA this 4th day of December, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE